**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed May 30, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00423-CR
### NO. 14-13-00424-CR

---

### IN RE NATHAN L. GOODWIN, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 10CR1699 & 10CR1700**

---

## MEMORANDUM OPINION

Relator Nathan L. Goodwin, a *pro se* inmate confined in the Texas Department of Criminal Justice, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relator seeks leave to file an out-of-time petition for discretionary review.

This court affirmed relator's convictions for aggravated robbery and unlawful possession of a firearm. *See Goodwin v. State,* Nos. 14-12-00274-CR &

14-12-00275-CR, 2013 WL 980173 (Tex. App.—Houston [14th Dist.] Mar. 12, 2013, no pet.) (mem. op., not designated for publication). In his petition, relator complains that his appointed appellate attorney failed to provide him with a copy of this court's opinion and advise him of his right to file a *pro se* petition for discretionary review. He contends that he was denied the opportunity to pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 26–27 (Tex. Crim. App. 1997) (holding that if appellate counsel fails to inform the defendant of the court of appeals' decision, denying him an opportunity to file a petition for discretionary review, the defendant may be denied his Sixth Amendment right to effective assistance of counsel).

The Texas Court of Criminal Appeals has jurisdiction over final post-conviction felony proceedings. *See Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. 1991); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). The exclusive means to challenge a final felony conviction is by seeking habeas corpus relief from the Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist*., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). The Court of Criminal Appeals has jurisdiction to grant habeas relief permitting an out-of-time petition for discretionary review. *See Ex parte Riley,* 193 S.W.3d 900, 902 (Tex. Crim. App. 2006).

We lack jurisdiction to consider relator's petition for writ of mandamus. Accordingly, we order the petition dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

2